LILLIAN HEINRICH et al., Appellees, v. ANTON SCHMITT et al., Appellants.

**ADVERSE POSSESSION:** Evidence. Evidence held to justify decree enjoining interference with a private way acquired under claim of adverse possession.

*Appeal from Dubuque District Court.*—J. W. KINTZINGER, Judge.

FEBRUARY 16, 1921.

REHEARING DENIED OCTOBER 1, 1921.

Suit in equity to enjoin defendants from interfering with plaintiffs' use of a right of way or easement across the defendants' land. Also, cross-petition by defendants, praying injunction restraining plaintiffs from doing certain acts in making repair of right of way. The relief prayed by plaintiffs was granted. Relief prayed by defendants was denied. Defendants appeal.—*Affirmed.*

*Frantzen & Bonson,* for appellants.

*S. B. Lattner* and *L. G. Hurd,* for appellees.

ARTHUR, J.—In 1867, the ancestor and grantor of plaintiffs purchased from the ancestor and grantor of defendants the west half of the east half of the northwest quarter of Section 23, Township 89, Range 1, and with such 40 and in the same deed, purchased a right of way over the east half of the east half of the northwest quarter in the same section. Plaintiffs now own the above described 40, and defendants now own the land coursed by the right of way above mentioned. The above-described 40 was inland from any public road, and the right of way was acquired for the purpose of an outlet to a public highway, the home of plaintiffs' grantors being located on said 40, and plaintiffs, in succession, residing at the same place. The easement or right of way has been fenced on either side, and has been used by plaintiffs and their grantors continuously since its original purchase in 1867. Some slight changes in location, by a change of fences on the side, have occurred, but no disputes arose at the time of such changes, and they were acquiesced in by all parties.

The controversy involved in this cause is not as to title and right to use the right of way, except as to a small portion of it, where it crosses the extreme southeast corner of Section 14. The main questions before the trial court and here presented are the claims made by plaintiffs that the defendants have interfered with their lawful use of the right of way, and the counterclaim

made by the defendants that the plaintiffs have enlarged their rightful use of the road and have encroached on the defendants' rights.

As above stated, it is undisputed that plaintiffs have title to the right of way as it extends from their property across the east half of the east half of the northwest quarter of Section 23, up to the northeast corner thereof. Plaintiffs claim the right of way, and right to have the road as it is now traveled open across the southeast corner of Section 14, and base such right upon the fact that their grantors and themselves have been in the uninterrupted, open, notorious, and adverse possession, use, and occupancy, under claim of right to use the same, with knowledge and consent of defendants and those under whom defendants claim, for over 45 years.

Defendants deny the prescriptive right.

Plaintiffs allege, as grounds for injunction, that defendants have continually harassed the plaintiffs, interfering with their use of the right of way by threatening them with violence; that defendants tied cattle in the right of way, and placed other obstructions therein, making it impossible for the plaintiffs to use the right of way; that defendants interfered with plaintiffs in the exercise of their right to repair the right of way, so as to make the road reasonably passable; that defendants made the right of way impassable by plowing furrows and placing obstructions therein; that defendants obstructed the right of way by building fences therein.

Defendants deny any interference on their part with the free and proper use of the right of way by plaintiffs, and in a cross-petition allege that the plaintiffs, in undertaking to repair and grade the right of way where it passes through the defendants' barnyard, have done the same in such an unworkmanlike and negligent manner as to cause a deep ditch to wash in defendants' barnyard, to such an extent as to prevent their having free access to their barn, granary, and other buildings; that the earth, material, and supplies with which plaintiffs made the repairs through defendants' yards were taken from defendants' barnyards, to the detriment of defendants; that plaintiffs did the work of grading the road in such a manner as to cut the earth away from defendants' fences, causing such

fences to fall over. Defendants further contend that plaintiffs are using the right of way where it passes through defendants' barnyard, in a manner other and different from what was authorized by the original right-of-way grant, in that they are using a wider space than the right of way contained at the time it was traveled when it was acquired by the plaintiffs. Defendants deny that plaintiffs are the owners of any right of way across any portion of the southwest quarter of Section 14, and deny that plaintiffs have acquired any right by prescription.

We have carefully examined the evidence offered in support of plaintiffs' petition for injunction restraining the defendants from interfering with their use of the right of way, and find that the evidence was amply sufficient to warrant the court in entering a decree of perpetual injunction.

Also, we have examined the testimony offered by the defendants in support of their cross-petition praying for injunction restraining plaintiffs from interfering with their rights in the right of way, and conclude that the court was right in denying such relief.

We find no error in the record. The decree of the court below is affirmed.—*Affirmed.*

Evans, C. J., Stevens and Faville, JJ., concur.